**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

UNITED STATES OF AMERICA,                CASE NO. 1:10cr69-1

      Plaintiff,

        -vs-                                Judge Michael R. Barrett

REGINALD S. MYERS,

      Defendant.

**O R D E R**

This matter is before the Court pursuant to oral argument conducted before the undersigned August 9, 2010 relating to Defendant's Motion to Dismiss Indictment Pursuant to Speedy Trial Act (Doc. 22); the Government's response thereto (Doc. 23); and Defendant's Supplemental Memorandum in Support (Doc. 39).  This matter is now ripe for review.

The conspiracy in the instant case generally charges that a number of individuals who were in a distribution network comprised a drug trafficking organization with the connection of a supplier in Colombia for distribution in the United States, including Chicago, Illinois, New York, Pennsylvania, Cincinnati, Ohio, and elsewhere.  Defendant's alleged role was the purchase and transport of drugs for distribution in the Southern District of Ohio.  Allegedly, Defendant and others, at his direction, were involved in this process and as part of the conspiracy, Defendant utilized a hair care business known as "UNIQUE FROM HEAD 2 TOE" at 4142 Hamilton Avenue and a residence at 1443 Aster Place.

1

Defendant was previously named in a Criminal Complaint in Case No. 1:09cr86. (Def. Hearing Exh. B.)  The affidavit in support of the Complaint was what the Government referred to as a "speaking-styled" document.  Other individuals identified in the affidavit were George Myers, Francisco Ambriz, Jesus Gutierrez and Jose Torres.  The affidavit describes the far-reaching conspiracy and references several overt acts involving Defendant, specifically, transactions on October 23, 2008, and November 6, 2008, and the use of the two safe houses.[1]

On February 4, 2009, Defendant appeared before the Magistrate Judge and was placed on bond to allow him to cooperate with the government.  On June 17, 2009, Defendant was indicted in a sealed Indictment.  On September 22, 2009, Defendant was arrested, and the Indictment was unsealed.  Defendant was indicted for conduct involving Maurice Collins and Clifford Gaither.  (Def. Hearing Exh. C, Count 1).  Defendant was also charged with possession with intent to distribute in excess of 100 grams of heroin (Id., Counts 2 and 3) as well as maintaining a place for distribution.  (Id., Counts 7 and 8). Defendant remained incarcerated post-indictment.  Defendant filed a motion to dismiss invoking the Speedy Trial Act.

Pursuant to 18 U.S.C. §3161(b), the Indictment in the previous case must have been filed within thirty days of Defendant's arrest on February 3rd or 4th, 2009.  However, Defendant was not indicted until June 17, 2009.  Pursuant to 18 U.S.C. §3161(c)(1), the trial in the previous case must have occurred within seventy days of the filing date or the indictment or the date that Defendant appeared before a judicial officer.  This date was

---

[1]The Court notes that the affidavit describes further conduct of Defendant not included in either the Indictment in Case No. 1:09cr86 or the Indictment in this case.

2

determined to be September 22, 2009.  Seventy-nine non-excludable days had passed

when the Defendant filed his motion to dismiss.  The Court found violations both of the

seventy-day time period, 18 U.S.C. §3161(c)(1), and the thirty-day time period, 18 U.S.C.

§3161(b).  The case was dismissed without prejudice on February 23, 2010.

The instant Indictment was returned on May 19, 2010.  Defendant argues that the

Indictment charges the same two conspiracies that were charged in the Criminal

Complaint, Affidavit, and/or Indictment in the previous case.

Under 18 U.S.C. §3161(d)(1):

If any indictment or information is dismissed upon motion of the defendant,
or any charge contained in a complaint filed against an individual is
dismissed or otherwise dropped, and thereafter a complaint is filed against
such defendant or individual charging him with the same offense based on
the same conduct or arising from the same criminal episode, the provisions
of subsections (b) and (c) of this section shall be applicable with respect to
such subsequent complaint or information as the case may be.

Accordingly, this Court will determine if the charges in the instant Indictment are the same

offenses or the same conduct based on or arising from the same criminal episode charged

in the previous case.

If the charges in the case at bar are the same offense, same conduct or arising from

the same conduct described in case number 1:09cr86 then, the thirty- and seventy-day

limits of that case are applicable in this case also.

This Court has reviewed the Complaint, Affidavit and Indictment in Case No.

1:09cr86 to determine what acts, if any, in the instant case are the same as the prior case.

Clearly, several counts are the same offenses and the same conduct previously

charged.  Count 2 in the instant case is nearly identical to Count 1 of the prior case but for

the removal of several overt acts.  Count 3 in the instant case is identical to Count 2 in the

3

prior case, Count 4 is identical to Count 3 in the prior case, Count 5 is identical to Count 7 in the prior case, and Count 6 is identical to Count 8 in the prior case.  Therefore, the government does not get a fresh clock on these charges, as the offenses charged are based on the same conduct or arising from the same criminal episode.

However, a speedy trial violation requires dismissal only of the charges in the original complaint.  *United States v. Turner*, 602 F.3d 778, 786 (6th Cir. 2010). "The statutory and constitutional provisions governing the speedy trial of a criminal defendant do not require that every offense **chargeable** from a criminal episode be dismissed for failing to comply with the thirty-day time limit for indictments following an arrest.  Rather, 18 U.S.C. §3162(a)(1) only requires the dismissal of the offense **charged** in the complaint for a violation of 18 U.S.C. §3161(b)." *United States v. Nabors*, 901 F.2d 1351, 1355 (6th Cir. 1990) (citing *United States v. Napolitano*, 761 F.2d 135, 137-138 (2nd Cir. 1985)) (emphasis added).

The government's failure to indict a defendant within thirty days of his arrest on one charge does not effect the speedy trial clock on other charges subsequently filed, as 18 U.S.C. §3162(a)(1) requires dismissal only of those charges contained in the original complaint or other original accusatory instrument.  However, when a subsequent charge merely "gilds" the initial charge filed against an individual, the date of initial arrest may trigger the applicable time periods of the act as to the prosecution for both offenses.   A "gilded charge" is one that merely annotates in more detail the same charge alleged in the initial accusatory instrument. *United States v. Bailey*, 111 F.3d 1229, 1236 (5th Cir. 1997); *United States v. Phipps*, 319 F.3d 177 (5th Cir. 2003).  Merely adding more supporting

facts is gilding.  *Id.* at 182.  If the government had good reason based upon the evidence to limit charges, a court will not force the government to "throw the book" at defendant.  *Id.* at 183.

The Government lists ten Overt Acts in support of Count 1 of the instant Indictment. Of those acts, the following clearly arose out of the same conduct as described in the previous case:

Overt Act 3 - see 1:09cr086, Doc. 4, pg 15, para 3;

Overt Act 5 - see 1:09cr086, Doc. 4, pg 15, para 2; and

Overt Act 6 - see 1:09cr086, Doc. 4, pg 14, para 1.

The remaining Count 1 Overt Acts in paragraphs 1, 2, 4, and 7 of the instant Indictment have not been previously charged and can not be considered to be "gilded" charges.

There are several factors, among others, for a court to consider when determining whether a speedy trial violation should result in a dismissal with or without prejudice: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice."  *United States v. Tinklenberg*, 579 F.3d 589, 600 (6th Cir. 2010), *quoting* 18 U.S.C. § 3162(a)(2).  The Court finds that in this case, the conduct charged is serious.  The Court also notes that there is no evidence of bad faith on the part of the Government, but rather a miscalculation of the facts and circumstances.  Regarding the administration of 18 U.S.C. § 3162, the Court finds that to grant the Government a new clock on all of the charges would essentially render the statute meaningless.

Therefore, the thirty-day speedy trial clock for Overt Acts 3, 5, and 6 in Count 1 of

5

the instant Indictment commenced on February 4, 2009 and the seventy-day speedy trial clock began on September 22, 2009 commensurate with case number 1:09cr86.  Those Counts are hereby dismissed with prejudice.  The seventy-day speedy trial clock for Counts 2, 3, 4, 5, and 6 commenced on September 22, 2009.  Those counts are hereby dismissed with prejudice.  The speedy trial clock for Overt Acts 1, 2, 4, and 7 in Count 1 of the instant Indictment began on May 21, 2010 when Defendant appeared with counsel before the Magistrate Judge for an initial appearance.  On July 26, 2010, Defendant signed a waiver until October 25, 2010 and less than seventy non-excludable days had elapsed.

Based on the foregoing, Defendant's Motion to Dismiss Indictment Pursuant to Speedy Trial Act (Doc. 22) is **GRANTED** as to Overt Acts 3, 5, and 6 in Count 1 and Counts 2, 3, 4, 5, and 6; and **DENIED** as to Overt Acts 1, 2, 4, and 7 in Count 1.

**IT IS SO ORDERED.**

_/s/ Michael R. Barrett_
Michael R. Barrett, Judge
United States District Court