UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| vs. | : | Case No. 1:10CR069 |
| REGINALD MYERS, | : | Judge Barrett |
| Defendant, | : | |

**MOTION TO SUPPRESS PEN REGISTER INFORMATION**

Now comes the Defendant, Reginald Myers, by and through counsel, and hereby moves the Court to suppress pen register information obtained by the government in this case based on violations of 18 U.S.C. § 2703 and the Fourth Amendment.  The grounds for this motion are contained in the attached memorandum in support.

        Respectfully submitted,

        STEVEN S. NOLDER
        FEDERAL PUBLIC DEFENDER

        *s/ Richard Smith-Monahan*
        Richard Smith-Monahan (0065648)
        First Assistant Federal Public Defender
        250 E. 5th Street, Suite 350
        Cincinnati, Ohio 45202
        (513) 929-4834

        Attorney for Defendant
        Reginald Myers

**MEMORANDUM IN SUPPORT**

The indictment in the present case charges two drug conspiracies. Count 1 charges a drug conspiracy related to the time period of 2005 to 2007 and involving several hundred kilograms of cocaine. Count 2 charges a drug conspiracy related to the time period of 2007 to 2009 and involves heroin. During the discovery process, the government has turned over documentation pertaining to several "pen register and trap and trace devices" that were obtained regarding phone numbers allegedly utilized by Mr. Myers in relation to each of these conspiracies. Mr. Myers submits that this documentation was obtained by the government in violation of the requirements of 18 U.S.C. § 2703 and the Fourth Amendment.

In relation to count 1 of the indictment (the 2005 to 2007 cocaine conspiracy), the government has produced in discovery a one page subpoena issued in New York on July 10, 2006 for eight separate phone numbers. In addition, the subpoena requests that the provider produce a "calling circle" for the telephone numbers. This broad subpoena is accompanied by no application, pursuant to 18 U.S.C. § 2703, or any court order. (A copy of the subpoena and the phone records produced in discovery related to the subpoena are attached hereto (under seal) as Exhibit A). The government has provided no explanation or indication about the numbers or how they allegedly relate to Mr. Myers.

Related to count 2 of the indictment (the 2007 to 2009 heroin conspiracy), the government turned over an Application and Order for the "pen register and trap and trace device" for two separate numbers that the government claimed were utilized by Mr. Myers. (A copy of the documents are attached hereto (under seal) as Exhibit B.) The documents are identical in all materials respects as it relates to this motion, but each requested the surveillance to be approved by a magistrate of this Court for a different phone number.

Mr. Myers challenges the subpoena (count 1) and the applications and orders (count 2) based on violations of the Fourth Amendment and 18 U.S.C. § 2703.  The Fourth Amendment bars the use of a "pen register and trap and trace device" without first obtaining a search warrant based on probable cause.  This conclusion is premised on the Supreme Court's recent decision in United States v. Jones, 132 S. Ct. 945 (2012).  In Jones, the Court held that the government's attachment of a GPS device to the underbody of the defendant's Jeep constituted an unlawful search under the Fourth Amendment.  The Court found that in attaching the GPS device, the government "physically occupied private property for the purpose of obtaining information." Id. at 949.  As such, the Court found that the government was required to obtain a warrant before taking such action.

There is no logical distinction between the recording of physical movements with a GPS device (as in Jones), and the recording of the locations of a cell phone, and trapping phone numbers with a "pen register and trap and trace device" (as in the present case).  Following this line of thinking, several courts have found that the acquisition of cell site data may require the issuance of a warrant based on probable cause.  In re Application of the United States, 809 F. Supp. 2d 113 (E.D.N.Y. 2011); In re Application of the United States, 747 F. Supp. 2d 827 (S.D. Tex. 2010).

While the Supreme Court has previously held that the use of a pen register does not constitute a search, as there is no expectation of privacy in the information obtained, Smith v. Maryland, 442 U.S. 735 (1979), this case has likely been overruled by the Court's decision in Jones given the obvious parallels between a pen register and a GPS device.  Further, telephone technology has changed so significantly since the Smith decision in 1979 that its reasoning is no longer applicable.  Smith relied heavily on the fact that use of phone numbers were exposed to

the public, via long distance bills, phone directories, etc. The Court in Smith also relied on the fact that a user could not make the information "private." But in today's world, telephone consumers now can expect privacy in the numbers they dial. Individual phone numbers may be private, and the consumer may also mark individual calls as private merely by dialing "*67" prior to placing the call. Thus, the expectation of privacy has shifted in the past 33 years since the Smith decision with the advent of modern telephone technology. Thus, Smith is no longer controlling, as it was decided in a technological word much different than the one today.

If the Court finds that the Jones decision requires the issuance of a search warrant based on probable cause, the government action may nonetheless be upheld where the agents relied in good faith on 18 U.S.C. § 2703. United States v. Warshak, 631 F.3d 266, 288-89 (6th Cir. 2010)(citing Illinois v. Krull, 480 U.S. 340, 349-50 (1987). Nonetheless, the government may only rely on good faith where the government has acted within the scope of the statute – if the government acted outside the statutory requirements, then good faith is inapplicable. Id. at 289.

In the present case, the government acted outside the requirements of § 2703 in that it failed to provide "specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication are relevant and material to an ongoing criminal investigation." See 18 U.S.C. § 2703(c) and (d); Warshak, 631 F.2d at 291. This standard is essentially the equivalent of reasonable suspicion under the Supreme Court's decision in Terry. Warshak, 631 F.2d at 291.

With relation to count 1 of the indictment (the 2005 to 2007 cocaine conspiracy), the failure to follow § 2703 is obvious. The government has no court order or application supporting the § 2703 standard. Thus, based on the discovery provided in this case, the count 1 pen register was not obtained in good faith and the records should accordingly be suppressed.

4

In relation to count 2 (the 2007 to 2009 heroin conspiracy), the government produced the court orders and applications as noted above.  The applications clearly do not support the "reasonable grounds" standard of the statute.  In each of the two applications, the government lays out its facts to support the order, but the information relied upon was more than a year and a half old at the time of the issuance of the applications.  Each application states that it is based on information "discussed" at an April 12, 2007 meeting of the joint task force, however, the application was not filed until November 21, 2008.  Thus, the information is clearly stale and insufficient to support the "reasonable grounds" standard.  See United States v. Hython, 443 F.3d 480 (6th Cir. 2006); United States v. Frechette, 583 F.3d 374, 378 (6th Cir. 2009)(drug evidence becomes stale quickly because "drugs are usually sold and consumed in a prompt fashion"); United States v. Kennedy, 427 F.3d 1136, 1142 (8th Cir. 2005)(same).

In sum, the government violated both the Fourth Amendment and the requirements of 18 U.S.C. § 2703 in obtaining pen register records in relation to the two conspiracy counts in the indictment.  As such, the records obtained should be suppressed.

Wherefore, Mr. Myers respectfully requests the Court to suppress pen register information obtained by the government in this case based on violations of 18 U.S.C. § 2703 and the Fourth Amendment.

    Respectfully submitted,

    STEVEN S. NOLDER
    FEDERAL PUBLIC DEFENDER

    *s/ Richard Smith-Monahan*
    Richard Smith-Monahan (0065648)
    First Assistant Federal Public Defender
    250 E. 5th Street, Suite 350
    Cincinnati, Ohio 45202
    (513) 929-4834
    Attorney for Defendant, Reginald Myers

**CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the foregoing was served upon Kenneth Parker, Criminal Chief, United States Attorney, via Electronic Case Filing, on this 3rd day of December, 2012.

                                  *s/ Richard Smith-Monahan*
                                  Richard Smith-Monahan