# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| REGINALD S. MYERS, | : | Case No. 1:10-cr-69-1 |
| | : | (1:16-cv-869) |
| Petitioner, | : | |
| | : | |
| v. | : | Judge Michael R. Barrett |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

## OPINION & ORDER

This matter is before the Court upon Petitioner Reginald Myers' Motion to Vacate Illegal Conviction and Sentence pursuant to 28 U.S.C. § 2255. (Doc. 188). The Government filed a Response in Opposition. (Doc. 199). Petitioner filed a Reply (Doc. 204) and a Motion for a Hearing to Resolve Ineffective Claim. (Doc. 204). Also before the Court is Petitioner's Motion to Schedule a Hearing to Resolve Ineffective Assistance of Counsel Claim. (Doc. 205).

## I.   PRIOR PROCEEDINGS

Petitioner was indicted for conspiracy to possess with intent to distribute and to distribute cocaine and heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (Doc. 1, Count 1). Petitioner was also indicted with conspiracy to possess with intent to distribute in excess of 100 grams of heroin (Id., Count 2); intent to distribute and distribution of heroin (Id., Counts 3 and 4); as well as maintaining a place for distribution. (Id., Counts 6, 7 and 8).

On December 17, 2012, the United States dismissed without prejudice Counts 2, 3, 4, 5, and 6 of the Indictment. (Doc. 97).

The case proceeded to trial on Count 1 of the Indictment. The Government only presented evidence on the conspiracy charge of possessing with intent to distribute five or more kilograms of cocaine. No evidence was presented regarding Petitioner distributing heroin, and the jury instructions and verdict form only referenced distribution of cocaine. (See Doc. 163, PAGEID# 1360; Doc. 117, PAGEID# 722; Doc. 120, PAGEID# 763-764). A jury found Petitioner guilty on Count 1 of conspiring to possess with intent to distribute five kilograms or more of cocaine. (Doc. 120). The Court sentenced Petitioner to 232 months of imprisonment; 10 years supervised release; $1,500.00 fine; and $100.00 special assessment. (Doc. 73). Petitioner's term of imprisonment was later reduced to 210 months under 18 U.S.C. § 3582(c)(2) and the retroactive application of United States Sentencing Commission's Guideline Amendment 782. (Doc. 176).

Petitioner appealed both his conviction and sentence, but the Sixth Circuit affirmed. (Doc. 172).

Petitioner sets forth two grounds for relief in his petition under 28 U.S.C. § 2255. First, Petitioner argues that his trial counsel was ineffective in failing to object at the close of the evidence under Federal Rules of Criminal Procedure 29 that there was no evidence shown of the dual objective conspiracy as charged in Count 1 of the Indictment. Second, Petitioner argues that his trial counsel was ineffective because counsel failed to advise him of the constructive amendment of the Indictment which prevented him from pleading guilty to an agreed sentence of ten years for the distribution of cocaine.

## II. STANDARD

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (citing *Weinberger v. U.S.*, 268 F.3d 346, 351 (6th Cir. 2001), *cert. denied*, 535 U.S. 967).

## III. ANALYSIS

Both of Petitioner's grounds for relief are based on a claim of ineffective assistance of counsel. A petitioner claiming ineffective assistance of counsel must show that his attorney's performance was so inadequate as to violate his Sixth Amendment rights. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Strickland*'s two-part test governs claims of ineffective assistance of counsel. Under the first or "performance" prong, the petitioner must show that his counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within a wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged conduct might be considered sound trial strategy." *Id.* at 689. Under the second or "prejudice" prong, the petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

At the close of the Government's case-in-chief, counsel for Petitioner moved pursuant to Federal Rule of Criminal Procedure 29 for a judgment of acquittal. (Doc. 115; Doc. 167, PAGEID# 1809). Counsel argued that the Government had failed to prove the

elements of conspiracy to distribute five or more kilograms of cocaine. (Doc. 115; Doc. 167, PAGEID# 1809-1810). This Court denied the motion. (Doc. 167, PAGEID# 1810). Petitioner now argues that counsel was ineffective for failing to argue pursuant to Rule 29 that there was no evidence to show the dual objective of the conspiracy as charged in Count 1 of the Indictment: conspiring to possess with the intent to distribute *both* heroin *and* cocaine.

On appeal, Petitioner made a related argument by taking the position that that the evidence was insufficient to convict him because there was no evidence that he participated in heroin trafficking, as charged in the Indictment. The Sixth Circuit explained that Petitioner was convicted only of cocaine trafficking, and therefore the Government was not required to prove a conspiracy to possess with intent to distribute and to distribute heroin. (Doc. 172, PAGEID# 2027).

An attorney is not ineffective for failing to make a motion that had no reasonable probability of success. *United States v. Corral*, 562 F. App'x 399, 404 (6th Cir. 2014). As the Sixth Circuit has explained, "counsel's failure to make a meritless [motion] fails both prongs of the *Strickland* test." *Id.* In this instance, there is no merit to the argument that the Government failed to prove that Petitioner conspired to possess with the intent to distribute *cocaine* because there was no evidence that Petitioner conspired to possess with the intent to distribute *heroin*. The Government was only proceeding on the conspiracy charge of possessing with intent to distribute five or more kilograms of cocaine. Because a Rule 29 motion based on the argument regarding the heroin conspiracy had no reasonable probability of success, Petitioner cannot demonstrate ineffective assistance of counsel on this basis.

4

Next, Petitioner argues that counsel was ineffective for failing to advise him of the constructive amendment of the Indictment which prevented him from pleading guilty to an agreed sentence of ten years for the distribution of cocaine. Petitioner states that he was never informed that he was no longer being tried for the distribution of heroin.

To begin, on appeal the Sixth Circuit rejected Petitioner's constructive amendment argument. The applicable legal framework is as follows:

> A modification to an indictment may take one of two forms: an amendment or a variance. [*United States v. Beasley*, 583 F.3d 384, 389 (6th Cir. 2009)]. An amendment of the indictment means that "the charging terms of the indictment are altered, either literally or in effect, by prosecutor or court after the grand jury has last passed upon them." *Id.* (citation omitted). This court has held that "[a]n amendment is per se prejudicial, as it directly infringes the defendant's right to know of the charges against him by effectively allowing the jury to convict the defendant of a different crime than that for which he was charged." *Id.* (citation omitted). In contrast, a variance simply means that "the charging terms of an indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment." *United States v. Warshak*, 631 F.3d 266, 314 (6th Cir. 2010) (quotation omitted). A variance is not reversible error unless a defendant shows prejudice flowing from the variance. *Id.*

*United States v. Boyd*, 447 F. App'x 684, 688 (6th Cir. 2011). Furthermore, "[a] variance becomes a constructive amendment only when the variance creates a substantial likelihood that a defendant may have been convicted of an offense other than that charged by the grand jury." *Id.* (quoting *Beasley*, 583 F.3d at 390).

In deciding Petitioner's direct appeal, the Sixth Circuit explained:

> There is no impermissible variance where an indictment charges a conspiracy in the conjunctive but the jury instructions are disjunctive. *United States v. Pritchett*, 749 F.3d 417, 428-29 (6th Cir.), *cert. denied*, 135 S. Ct. 196 (2014). Such a scenario does not "create a possibility that defendants would be convicted of an offense other than the one alleged in the indictment nor [does] it invite the jury to find guilt on facts materially different from those alleged in the indictment." *Id.* Here, the jury instructions omitted the heroin conspiracy and charged only the cocaine conspiracy as charged in the indictment. These circumstances thus did not create a possibility that

5

> Myers could have been convicted of an offense other than that alleged in the indictment.

(Doc. 172, PAGEID# 2025-2026). Therefore, the Sixth Circuit has already ruled in this case that there was no constructive amendment to the Indictment. All that remains of Petitioner's second argument regarding ineffective assistance of counsel is that he was prevented by counsel from pleading guilty to an agreed sentence of ten years for the distribution of cocaine.

The two-part *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Lafler v. Cooper*, 566 U.S. 156, 162, 132 S.Ct. 1376, 1384, 182 L.Ed.2d 398 (2012). "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 566 U.S. 134, 145, 132 S. Ct. 1399, 1408, 182 L. Ed. 2d 379 (2012). To demonstrate prejudice based on ineffectiveness of counsel in plea negotiations a petitioner "must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler*, 566 U.S. at 163-64. "Moreover, if counsel failed to provide the defendant with an estimated range of the penalties that could result from a trial conviction, the prejudice prong is presumptively satisfied if the difference between the length of the sentence proposed in the Government's plea offer and the sentence imposed after a trial conviction is substantial." *Sawaf v. United States*, 570 F.

6

App'x 544, 547 (6th Cir. 2014); *see also Griffin v. United States*, 330 F.3d 733, 737–39 (6th Cir. 2003) (holding that the petitioner was entitled to an evidentiary hearing to demonstrate prejudice where he was not notified of a plea offer and there was a substantial disparity between the penalty offered by the government and the penalty called for by the indictment).

In his affidavit, trial counsel for Petitioner states that all available plea options were discussed with Petitioner. (Doc. 199-1, Richard Monohan Aff.¶ 4). Petitioner has not disputed this assertion directly by filing an affidavit. Instead, Petitioner seeks a hearing because "the government disputes that there was ever a ten (10) year plea offer" (Doc. 204, PAGEID# 2106); and to explain "why trial Counsel failed to challenge the evidence at the close of the case." (Doc. 205, PAGEID# 2110). However, "bald assertions and conclusory allegations do not provide sufficient ground . . . to require an evidentiary hearing." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001) (quoting *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 301 (3d Cir.1991)); *see also Black v. United States*, No. 09–cr–20093, 2014 WL 2894285, at *3-4 (June 26, 2014) (collecting cases and holding that "the pertinent case law demands a threshold showing beyond mere speculation or conclusory, unsupported allegations in order to warrant an evidentiary hearing.").

Moreover, the record contains specific evidence of Petitioner's unwillingness to plead guilty. In his affidavit, trial counsel for Petitioner states that Petitioner "repeatedly and summarily denied any possibility of pleading guilty in this case" and "[a]s a result, the Petitioner proceeded to trial in this matter." (Doc. 199-1, Richard Monohan Aff.¶ 4). In addition, in reaching its decision regarding notice under 21 U.S.C. § 851, this Court specifically found that Petitioner "never intended to enter a plea." (Doc. 170, PAGEID#

2003). This finding was based in part on Petitioner's rejection of the Government's post-trial offer to resolve the case with an agreed sentence of 216 months (Doc. 170, PAGEID# 1985-1987, 2001) when it was clear at that stage of the proceedings that based on the calculations in the Presentence Investigation Report, the recommended sentencing guideline range was 360 months to life (see Doc. 134, PAGEID# 797).

In summary, the Court is presented with a record that contains no evidence to support Petitioner's assertion that a 10-year offer was made by the Government, and even if it was, there is no evidence that counsel failed to communicate that offer to Petitioner. Moreover, the record contains specific evidence and a previous finding by this Court that Petitioner was unwilling to plead guilty. Based on the foregoing the Court concludes that under *Strickland*, Petitioner has not show that his attorney's performance was so inadequate as to violate his Sixth Amendment rights.

## IV. CONCLUSION

Pursuant to Title 28 U.S.C. § 2255, the Court finds that the motions, files, and records of this case conclusively show that Petitioner is not entitled to relief. Therefore, a hearing is not necessary to determine the issues and make the findings of fact and conclusions of law with respect thereto. *Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003). The claims raised are conclusively contradicted by the record and the well-settled law of the Sixth Circuit and the United States Supreme Court.

Accordingly, Petitioner's Motion to Vacate Illegal Conviction and Sentence pursuant to 28 U.S.C. § 2255 (Doc. 188) is **DENIED**; Petitioner's Motion for a Hearing to Resolve Ineffective Claim. (Doc. 204) is **DENIED**; and Petitioner's Motion to Schedule a Hearing to Resolve Ineffective Assistance of Counsel Claim (Doc. 205) is **DENIED**.

Further, the Court will not issue a certificate of appealability. The Court concludes that none of the claims raised by Petitioner in his motion, which have been decided on the merits, are debatable among reasonable jurists, could be resolved differently on appeal or are adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). In addition, Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c); *see also* Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

                                         */s/ Michael R. Barrett*
                                         Michael R. Barrett, Judge
                                         United States District Court