**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

UNITED STATES OF AMERICA,     CASE NO.   1:10cr69-1

    Plaintiff

  -vs-     Judge Michael R. Barrett

REGINALD S. MYERS,

    Defendant

## ORDER

This matter is before the court upon Defendant's Motion for Jail-Time Credit Days (Doc. 217) and Response (Doc. 226); and the United States' Response in Opposition (Doc. 221) and Supplemental Response in Opposition (Doc. 246).

The Government explains that Defendant has exhausted the Bureau of Prisons administrative review process; and may he now seek judicial relief. *See United States v. Westmoreland*, 974 F.2d 736, 738 (6th Cir. 1992) ("Until the Attorney General makes a sentence credit determination under section 3585(b), the case is not ripe for review by the District Court."), *cert. denied*, 507 U.S. 1019 (1993).

On March 24, 2014, this Court sentenced Defendant to two hundred thirty-two months imprisonment with credit for time served. (Doc. 139, at 2). Defendant alleges that he has yet to receive credit for the one hundred fifty-three days served time served while he was detained in Case Number 1:09-CR-086. (Doc. 186, at 1). However, the Government maintains that Defendant was credited with this time served.  The Government has filed documentation from the Bureau of Prisons which indicates that Defendant was denied relief because "TIME CREDITED TO TWO SRT VIOL TERMS

WHICH WERE 'TIME SERVED.'" (Doc. 246-1, PAGEID# 2315). Defendant has not disputed this determination, which is supported by the docket of this Court. *See United States v. Reginald S. Meyers*, 1:91-cr-85-HJW, Docs. 145, 155.

"[A] federal prisoner who wishes to raise a sentencing credit issue may do so only by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241." *Alvey v. United States*, 1990 WL 40080, *1 (6th Cir. Apr. 9, 1990). Even if the Court were to construe Defendant's Motion as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, the Court does not have personal jurisdiction over Defendant's claim. "Federal prisoners may file a § 2241 petition in which they challenge the execution or manner in which the sentence is served only in the district court having jurisdiction over the prisoner's custodian." *Anderson v. Warden, FCI Texarkana*, 48 F. App'x 118, 119 (6th Cir. 2002) (citing cases). Defendant is currently held at FCI Ashland in Ashland, Kentucky, which is within the Eastern District of Kentucky. Because Defendant has filed his petition in the incorrect jurisdiction, the petition must be dismissed.

Accordingly, Defendant's Motion for Jail-Time Credit Days (Doc. 217), which this Court construes as a petition under 28 U.S.C. § 2241, is **DISMISSED without PREJUDICE**.

**IT IS SO ORDERED.**

                                                   */s/ Michael R. Barrett*
                                                   MICHAEL R. BARRETT, Judge
                                                   United States District Court